**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

      -vs-                                                      Case No. 13-C-1151

MICHAEL R. ENEA,

      Defendant.

## DECISION AND ORDER

This matter is before the Court on the motion filed by the Plaintiff Securities and Exchange Commission ("S.E.C.") for entry of a proposed "final" Judgment as to Defendant Michael R. Enea ("Enea"). (ECF No. 4.) The motion, filed on the same day as the Complaint, is based on the parties' agreement to settle this action which alleges that Enea violated Sections 5(a), 5(c), 17(a)(1), (a)(2), and (a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)(1), 77q(a)(2), and 77q(a)(3)], and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b) and 78o(a)], and Rules 10b-5(a), (b), and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)]. Enea has consented to the entry of judgment against him pursuant to the terms of a consent document (Mot., Ex. A.), and has also "agree[d] that the Commission may present the Judgment to the Court for signature and entry without further notice" (*Id.*, Ex. A ¶ 13.) (ECF No. 4-1).

Having considered the fairly detailed contents of the motion as well as the allegations of the Complaint, the Court concludes that the proposed Judgment is fair, reasonable, adequate, and in the public interest because it involves disgorgement of $763,803 gained by Enea together with prejudgment interest in the amount of $79,317, for a total of $843,120, according to the schedule set forth in paragraph VII of the Judgment. Such payment will also be secured by real property owned by Enea and his wife at W204N5925 Lannon Road, Menomonee Falls, Wisconsin 53051 (the "Property"). The Property is to be placed for sale within 30 days from the entry of Judgment, with good faith efforts to be made to sell the property within one year from the entry of Judgment, with sale proceeds (minus real estate commission and payoff of a mortgage filed on April 20, 2008) payable the S.E.C. Additionally, the Judgment provides permanent injunctive relief barring Enea and his agents, servants, employees, attorneys and all persons in active concert with them who receive actual notice of the Judgment from any future violations of the statutory provisions identified in the Complaint.

However, consistent with the Court's directives in *United States Securities and Exchange Commission v. Koss Corporation*, Case No. 11-C-991 (E. D. Wis.) (ECF Nos. 7 & 9), the Court will require that the S.E.C. revise its proposed Judgment to include, rather than incorporate by reference, provisions of Enea's consent to judgment. *See Schmidt v. Lessard,* 414 U.S. 473, 476-77 (1974); *International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64,

- 2 -

Case 2:13-cv-01151-RTR   Filed 10/30/13   Page 2 of 4   Document 7

73-76 (1967); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 636-37 (7th Cir. 2006); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 646 (7th Cir. 2002).

Furthermore, the revised Judgment should eliminate the statement that "[t]here being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice." While such a statement is required when final judgment is entered as to "one or more, but fewer than all, claims or parties," Fed. R. Civ. P. 54(b), the statement is not appropriate or necessary in this instance because this action involves a single defendant and resolves all the claims against him. *See* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure,* § 2656 (1998) (stating the most obvious of the implicit limitations of Rule 54(b) is "when all claims have been determined as to all parties.")

And, again, the Court raises the question of whether the proposed Judgment is a final judgment because it does not expressly state the disposition of the claims against Enea; e.g., dismissal without prejudice, while including a provision for the retention of jurisdiction over the enforcement of the terms of the settlement agreement. With respect to the retention of the Court's jurisdiction, the SEC's attention is directed to *Shapo v. Engle*, 463 F.3d 641, 642-46 (7th Cir. 2006) and *Blue Cross & Blue Shield Ass'n,* 467 F.3d at 636-39.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The S.E.C. **MUST RESPOND** to this Decision and Order **by November 29, 2013.**

Subsequent to e-filing, the S.E.C. is asked to send a copy of any proposed judgment in a non-PDF format (Word or Word Perfect) to the Court's proposed order e-mail box: RandaPO@wied.uscourts.gov

Dated at Milwaukee, Wisconsin, this 30th day of October, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**