UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

    v.                                  Case No. 13-C-1151

**MICHAEL R. ENEA,**

    Defendant.

---

## DECISION AND ORDER

---

This matter is before the Court on the motion filed by the Plaintiff, Securities and Exchange Commission ("S.E.C."), for entry of a proposed "final" Judgment as to Defendant Michael R. Enea ("Enea"), (ECF No. 4) based on the parties' agreement to settle this action which alleges that Enea violated Sections 5(a), 5(c), 17(a)(1), (a)(2), and (a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)(1), 77q(a)(2), and 77q(a)(3)], and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b) and 78o(a)], and Rules 10b-5(a), (b), and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)]. Enea consented to the entry of judgment against him pursuant to the terms of a consent document (Mot., Ex. A), and also "agree[d] that the Commission may present the Judgment to the Court for signature and entry without further notice." (*Id.*, Ex. A ¶ 13.) (ECF No. 4-1).

By a Decision and Order dated October 30, 2013, (ECF No. 7) the Court found that the proposed Judgment is fair, reasonable, adequate, and in the public interest.

However, the Court directed the S.E.C. to (1) revise its proposed Judgment to include, rather than incorporate by reference, provisions of Enea's consent to judgment; and (2) to eliminate the statement "[t]here being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice." Additionally, the Court raised the question of whether the proposed Judgment is a final judgment because it does not expressly state the disposition of the claims against Enea; e.g., dismissal without prejudice, while including a provision for the retention of jurisdiction over the enforcement of the terms of the settlement agreement.

On November 22, 2013, the S.E.C. filed a timely response — (indeed it is a week prior to the deadline) — to the Court's Decision and Order and submitted a revised proposed Judgment for consideration. (ECF Nos. 8, 8-1.) The revised proposed Judgment corrects the two problems identified by the Court, and the response asserts:

> [S]o long as the language of the judgment makes clear that the district court is finished with the case, there is no requirement that a judgment contain language specifically disposing of the claims against a party – *e.g.*, dismissing the complaint or awarding judgment in favor of one party or another – in order for the judgment to be rendered final. Here, Defendant has agreed upon the terms and amounts of all relief against him and the Revised Judgment makes clear that there are no remaining issues requiring the Court's attention. Nothing further is required to render the Revised Judgment final.

(Pl.'s Mem., 3.)

The sole mention of the claims in the action is in Section VIII(f) of the revised proposed Judgment which states "the Consent resolves only the claims asserted against

[Enea] in this civil proceeding." Despite the S.E.C.'s argument, *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006), suggests the more prudent practice with consent judgments where continuing enforcement of the judgment is contemplated is to dismiss the action without prejudice while retaining jurisdiction to enforce the judgment. To the extent that such provision is not needed when injunctive relief is ordered because courts always have jurisdiction to enforce their injunctions, *see United States v. City of Chicago*, 870 F.2d 1256, 1257 (7th Cir. 1989), it does no harm. Section IX states "this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment." Having added language to the revised proposed final judgment that the action is dismissed without prejudice and the "without prejudice" language will not allow the parties to reopen issues resolved by this Judgment, the Court grants the S.E.C.'s motion for entry of judgment as consistent with this Decision and Order. *See Shapo*, 463 F.3d at 646.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

The S.E.C.'s motion for entry of final judgment (ECF No. 4) is **GRANTED** as consistent with this Decision and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2013.

BY THE COURT:

*[signature]*

HON. RUDOLPH T. RANDA
U.S. District Judge